IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:14CR155 |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| DANIEL MURATELLA | |
| Defendant. | |

This matter is before the court on defendant Daniel Muratella's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, Filing No. 439. He challenges his conviction after pleading guilty to conspiracy to distribute methamphetamine. Filing No. 374, Judgment. He was sentenced to a term of imprisonment of 240 months. *Id.* He appealed his conviction and sentence and both were affirmed. Filing No. 421. Muratella also petitioned to the U.S. Supreme Court for writ of certiorari and was denied on April 17, 2017. Filing No. 430. The present motion is Muratella's first motion under 28 U.S.C. § 2255.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). The rule provides that unless "it plainly appears from the face of the motion and any annexed exhibits and the

prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion. *Id.*

This defendant asserts two grounds on which he claims that he is being held in violation of the Constitution, laws, or treaties of the United States. First, defendant asserts that counsel was ineffective for failing to advise Muratella that he could have entered an open plea before the 21 U.S.C. § 851 Enhancement Notice was filed to avoid the 20 year minimum. Second, defendant claims that counsel was also ineffective for failure to advise Muratella that he could receive a sentence of less than 240 months by pleading open.

On initial review, the court cannot say with certainty that the plaintiff is entitled to no relief. Accordingly, the government should be required to answer. On receipt of the government's answer, the court will determine (a) whether to order the parties to submit briefs on the merits, so that the defendant's claims may be resolved on the basis of the record and briefs, or (b) whether evidentiary hearing is required. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

THEREFORE, IT IS ORDERED THAT:

1. On initial review, the court finds that summary dismissal is not appropriate.

2. The United States shall file an answer to the defendant's § 2255 motion within 21 days of the date of this order.

Dated this 6th day of June, 2018.

BY THE COURT:

s/ Joseph F. Bataillon  
Senior United States District Judge