IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

        Plaintiffs,

    vs.

DANIEL MURATELLA,

        Defendant.

**8:14CR155**

**MEMORANDUM AND ORDER**

This matter is before the Court on the defendant's motion for compassionate release for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Filing No. 470. The Court appointed the Public Defender's office to represent defendant and requested that the United States Probation Office review the plan of home detention. Filing No. 471. Thereafter, probation filed an investigation report and a copy of the Bureau of Prisons medical records for Mr. Muratella. Filing Nos. 475 and 476. Counsel for defendant filed a brief and evidence in support. Filing Nos. 482 and 483. The government has filed a brief in opposition. Filing No. 488. The probation office has filed the investigation report indicating that the Kansas City, Missouri Probation office has agreed to the proposed plan and subsequent supervision, if the Court chooses to grant the motion for compassionate release. Filing No. 475 at 3. Muratella seeks an order from this Court reducing his sentence to time served or to adjust his sentence to home confinement.

The Court sentenced defendant to serve 210 months in prison followed by 5 years of supervised release for a drug conspiracy conviction in violation of 21 U.S.C. § 846 and

841(b)(1)(A) (conspiracy to distribute methamphetamine).   The defendant has a criminal history category of VI, and it appears he would be eligible for release on December 22, 2029.   A two level enhancement was applied for obstruction, as Mr. Muratella fled to Mexico while on bond.   Mr. Muratella received 17 criminal history points for crimes including, but not limited to, a prior federal case for Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine (Case 4:95CR3043-2), multiple assault charges, third degree domestic assault, and second-degree criminal trespass.   While on supervised release in this Court, his supervision was revoked due to his involvement with assaulting his ex-girlfriend's new boyfriend which required hospitalization and facial surgery.

**DISCUSSION**

The First Step Act amended numerous provisions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration. Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019).   Congress designed the provision at issue here, 18 U.S.C. § 3582(c)(1)(A), for "Increasing the Use and Transparency of Compassionate Release." § 603(b), 132 Stat. at 5239. Section 3582(c)(1)(A) allows defendants, for the first time, to petition district courts directly for compassionate release. *Id.* Compassionate release provides a path for defendants with "extraordinary and compelling reasons" to leave prison early. § 3582(c)(1)(A)(i).   Such a sentence reduction must comply with the 18 U.S.C. § 3553(a) factors and "applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Pursuant to § 3582(c)(1)(A), a defendant may (after exhausting his or her administrative remedies) move for reduction of his or her term of imprisonment based

upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a)[1], may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2] Accordingly, an initial review of the defendant's claim will involve these inquiries:

1.   Has the defendant exhausted administrative remedies?

2.   Has the defendant identified extraordinary and compelling reasons for reducing his or her term of imprisonment?

3.   Would application of the § 3553(a) factors permit reducing the defendant's sentence if those extraordinary and compelling reasons were substantiated?

4.   Ensure that any reduction is consistent with applicable policy statements.

18 U.S.C. § 3582(c)(1)(A).

Already "tinderboxes for infectious disease," prisons now are even more dangerous than we typically accept. *United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *1 (E.D. Pa. Apr. 1, 2020). The Attorney General has

---

[1] The statute states: (1) in any case--

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such a reduction; . . .

***** and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

directed the BOP to consider increased use of home confinement for at-risk inmates. Memorandum from U.S. Att'y Gen. William Barr to Dir. of Bureau of Prisons (Mar. 26, 2020).

### A. Exhaustion

The Court finds that the defendant has met the exhaustion requirement. *See United States v. Brown*, 2020 WL 2091802, at *5 (S.D. Ia. Apr. 29, 2020) ("Defendant satisfied the exhaustion requirement's text and purpose [when] [h]e gave the BOP the first chance to review his circumstances and let thirty days pass before proceeding to court."). Defendant filed such a request with the BOP and 30 days have elapsed.

### B. Medical Vulnerability

Next, the Court finds that defendant's physical and medical vulnerability to COVID-19 are extraordinary and a compelling reason for a change in defendant's sentence.[2]   *See* e.g., U.S.S.G. § 1B1.13 comment. n.1(A)-(C).  As Judge Gerrard recently observed in Jenkins, there is currently "no 'applicable' policy statement cabining the Court's discretion to act under § 3582(c)(1)(A)." *United States v.* Jenkins, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020); *see also United States v.* Redd, 2020 WL 1248493, at *5 ( E.D. Va. March 16, 2020) ("there does not currently exist, for the purposes of satisfying the First Step Act's 'consistency' requirement, an 'applicable policy statement.'"); *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019) (canvassing cases and holding that courts, rather than the outdated policy statements, should determine whether a defendant qualifies for compassionate release); *United States v. Beck*, 425 F. Supp.2d 573, 579 (M.D.N.C. June 28, 2019) ("While the old policy

---

[2] *See* defendant's medical records at Filing No. 476.

4

statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i).").

COVID-19 is clearly a global pandemic that presents extraordinary and compelling release for certain prisoners. It is unprecedented. COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. These include a compromised immune system, obesity, heart disease, hypertension, chronic lung disease, diabetes mellitus, and asthma. Groups at Higher Risk for Severe Illness, Ctrs. for Disease Control & Prevention (April 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

Defendant is 52 years old. He has at least some of these risk factors. Mr. Muratella has asthma and uses an Albuterol inhaler as needed, a Mometasone Furate Inhaler twice a day, an Ipatropium inhaler four times a day and takes Meloxicam for arthritis. At times he takes omeprazole for the acid reflux. He has osteoarthritis of his right knee. He had an acute respiratory infection in March 2020, unspecified bacterial pneumonia in August 2019, hernia repair in November 2017, and has had ongoing treatment for his knee pain.

On October 15, 2020, Mr. Muratella was in isolation for and tested positive for COVID-19. As of October 28, 2020, his prison at Leavenworth USP, had 17 inmates were positive with a total of 541 inmate tests. They have had no inmate deaths. Muratella argues that he can get re-infected with COVID-19. The government disagrees

and contends that reinfections are rare.[3]   Further, the government asserts that vaccinations are now available.  Muratella, suggests the government, is receiving very good health care for all his ailments, and since he is uninsured, he would likely not receive such good healthcare if released.

### C. Section 3553(a) Factors

Finally, the Court must consider if compassionate release comports with any Applicable § 3553(a) factors.  *See also* § 3582(c)(1)(A).  When reviewing the § 3553(a) relevant factors, as discussed hereinafter, the balance of those factors does not support a sentence of home confinement. The Court has already established that Mr. Muratella's health conditions and physical limitations place him at heightened risk for severe illness from COVID-19.   However, there is evidence that defendant poses a threat to the public.[4] The Court believes that prison incarceration is necessary "to protect the public from further crimes of the defendant."  § 3553(a)(2)(C).  Based on these findings, the Court finds that the § 3553(a) factors militate to granting defendant's compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

The probation officer reports that:

According to BOP records, Mr. Muratella completed several education-related courses during the earlier years of his imprisonment. He has completed education-related courses to include detailed fitness and nutrition, beginning yoga and stretching, charcoal drawing, and beginning ceramics. In 2019, he completed a tutor training course, and in March 2020 he again attended a beginning yoga and stretching class. Under his assignments, records reflect "Need – Anger/Hostility," "Need – Antisocial

---

[3] https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html

[4] The government argues that defendant might present a danger to the community.  Under 18 U.S.C. § 3142(g), the Court must consider four factors in determining whether the defendant might present a danger for release or detention of a defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1) – (4).

Peers," "Need – Cognitions," and "Need – Finance/Poverty." Although Mr. Muratella reported to the Court that he has "no incident reports," his disciplinary record includes sanctions for stealing, and being absent from assignment. He was also sanctioned for several incidents occurring during his prior incarceration at BOP.

Filing No. 475 at 2-3.

The government urges that Muratella is a danger to the safety of other people and to the community. 18 U.S.C. § 3142(g). The government argues that Muratella has a lengthy criminal history, a history of assaults, fleeing arrest and fleeing to avoid arrest. He has already been revoked while on supervised release, after he severely assaulted someone. Following imprisonment, he returned to drug trafficking which resulted in the imprisonment in this case.

Defendant has a release plan to live with his sister and brother-in law. They have adequate space and indicate there are no firearms or dangerous weapons or drugs in their home. He would live in Missouri and the probation office in the Western District of Missouri has approved the release plans and will provide supervision of Mr. Muratella, should the court grant compassionate release. The government disagrees, arguing that there are about 3,948 COVID-19 cases per day in Missouri. The risk is substantially less to Muratella while in jail, contends the government.

The Court will deny the motion for compassionate release. First, since the filing of the motion and the briefing by the parties, defendant contracted COVID-19. Second, although there is some chance that defendant could again contract COVID-19, the numbers do not support that as a high risk chance, and according to the current science, he most likely has immunity for the next several months at least. https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html. The Court has not

heard from the parties that Mr. Muratella was unable to recover from his COVID-19 in October 2020.  Third, and most importantly, past evidence confirms that Muratella has a propensity for violence that could be harmful to the public.  The Court is unwilling to find that Muratella is no longer is a threat to society. The Court believes that prison incarceration is necessary "to protect the public from further crimes of the defendant."  § 3553(a)(2)(C).  The past conduct is indicative of risk to harm to others if he is released. Based on these findings, the Court finds that the § 3553(a) factors militate towards denying defendant's compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

For the reasons stated herein, defendant's motion for compassionate release, Filing No. 470, is DENIED.

Dated this 21st day of December, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge